# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LEONARD HALL**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 6182 |
| ) | |
| **THOMAS DART**, etc., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Leonard Hall ("Hall") has utilized the printed form of 42 U.S.C. § 1983 ("Section 1983") Complaint, made available by the Clerk's Office for use by prisoners, to sue defendants whom he designates as "Thomas Dart, Cook County Sheriff, Offices County of Cook and Sgt. Green." Hall has accompanied that filing with the submission of two other Clerk's-Office-supplied documents: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion").

Before this opinion turns to the nature of Hall's charges, it must address the requirements imposed by 28 U.S.C. § 1915 ("Section 1915"), which is called into play by the Application. In that respect Hall's documentation reveals several deficiencies that have rendered it impossible for this Court to carry out its responsibilities under Section 1915(b)(1):

1. Section 1915(a)(2) requires a prisoner such as Hall to submit a certified copy of the trust fund account statement showing all transactions in that account for the six-month period immediately preceding the filing of the Complaint. Because both the Complaint and the Application were signed by Hall on July 25, 2014 and the certificate by the trust fund officer at the

Cook County Department of Corrections ("County Jail," where Hall is in custody) is dated August 5, while Hall's documents were not received in the Clerk's Office until August 11, the date of "filing" for purposes of the statute is wholly uncertain. More information is needed from Hall.[1]

2. Only two transactions are reflected in the trust fund account printout -- a May 12, 2014 deposit and a May 20 withdrawal of the bulk of that deposit to cover commissary purchases. There is no indication (a) as to whether the printout extends forward to the Complaint's filing date or (b) as to whether it goes back for a full six month pre-filing period (or such lesser period as Hall may have been in custody at the County Jail and, perhaps, at any other custodial institution).

Hall is ordered to supply all of the missing information on or before September 4, 2014. Once that is done this Court can attend to its responsibilities under Section 1915(b)(1).

To turn to the substance of Hall's "Statement of Claim" (Complaint ¶ IV), he asserts that defendant Sergeant Green had beaten him up and had then filed charges against Hall that thereafter "were drop[sic]." Hall goes on to say that the O.P.R. had investigated that incident recently -- in June 2014.

But the gravamen of Hall's Complaint is not based on that earlier incident or its aftermath. Indeed his lawsuit is predicated on an occurrence last month -- on July 19 -- when

---

[1] When that further information is provided, this Court will of course apply the "mailbox rule" (see Houston v. Lack, 487 U.S. 266 (1988)) to which Hall is entitled: the date on which Hall mailed his documents to this District Court or delivered them to the authorities at the County Jail for such mailing.

Sergeant Green was in the County Jail division where Hall is being held, "seeing an inmate who was having a medical emergency." When Sergeant Green "notice[sic] me, looking out my cell," he approached the cell "and asked me, why I put O.P.R. on him."

And that's it. As for Sheriff Dart, Hall charges him with nothing but "allowding [sic], for his Cook County Correctional Sgt. Green, to act unprofessional with his job title, as being a sgt. for the Cook County Jail." From that entire narrative Hall seeks modest compensation ($600,000) for asserted "intimadation [sic], and threats, involving my safty [sic]."

It is painfully obvious that Hall's allegations cannot survive the preliminary screening called for by 28 U.S.C. § 1915A(a) -- no violation of his constitutional rights has even arguably occurred. Based on that preliminary screening, Section 1915A(b)(1) calls for dismissal because Hall's Complaint is legally frivolous as a Section 1983 claim and, in the same sense, it "fails to state a claim upon which relief may be granted."

Accordingly this action is ordered dismissed with prejudice, although that will not relieve Hall of the Section 1915 obligation to pay the $350 filing fee in installments (the purpose from which this opinion's earlier order for him to provide added information has stemmed). Finally, this dismissal constitutes one "strike" for purposes of Section 1915(g).

_____
Milton I. Shadur
Senior United States District Judge

Date: August 14, 2014